UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBERS BRT3A001920-00 AND BRT3A000687-00,**<br><br>Plaintiff,<br><br>v.<br><br>**KEYSTONE DEVELOPMENT, LLC and CITYSCAPE PLAZA OWNERS ASSOCIATION, INC.,**<br><br>Defendants. | § § § § § § § § § § § § § § § § § Civil Action No. **3:21-CV-336-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is its *sua sponte* Motion for Summary Judgment against Plaintiff's request for declaratory judgment regarding its duty to defend (Doc. 38), filed on March 23, 2022; and Plaintiff's Motion for Reconsideration (Doc. 39), filed on April 6, 2022. Having considered the motions, responses, replies, pleadings and exhibits thereto, summary judgment evidence, and applicable law, the court, for the reasons that follow, **denies** Plaintiff's Motion for Reconsideration (Doc. 39), **grants** the court's *sua sponte* Motion for Summary Judgment as to Plaintiff's declaratory judgment claim regarding its duty to defend, and **dismisses** this action **with prejudice** with respect to its duty to defend claim, and **without prejudice** as to its duty to indemnify claim, as set forth in the court's previous Memorandum Opinion and Order (Doc. 38).

### I.   Factual and Procedural Background

On February 16, 2021, Plaintiff Certain Underwriters at Lloyd's, London Subscribing to Policy Numbers BRT3A001920-00 and BRT3C000687-00 ("Plaintiff" or "Underwriter") initiated

this civil action, based on diversity jurisdiction, seeking declaratory judgment that it does not have a duty to defend and indemnify Defendant Keystone Development, LLC ("Keystone"), its insured. This action stems from a construction project built by Keystone known as Cityscape Plaza. Pl.'s Complaint (Doc. 1). Defendant Cityscape Plaza Owners Association, Inc. ("Cityscape") manages or maintains Cityscape Plaza. Doc. 15 at 8-9 (citing Cityscape's Second Am. Pet. ¶ 26). On February 26, 2021, Cityscape commenced an action in the 134th Judicial District Court, Dallas County, Texas against Keystone, among others, seeking monetary damages because of alleged construction defects and the physical damage to Cityscape Plaza, including recovering the costs to repair or replace the physical damage (the "Underlying State Court Lawsuit"). *Id.* (citing Cityscape's Org. Pet. ¶ 29).

On July 16, 2021, Plaintiff filed a motion for summary judgment under Federal Rule of Civil Procedure 56. *See* Docs. 18, 19. Defendants Keystone and Cityscape responded. *See* Docs. 21, 24, 25, and 26. Later, Cityscape filed its First Amended Original Petition in the Underlying State Court Lawsuit on July 26, 2021, and filed its Second Amended Petition—the latest pleading in the Underlying State Court Lawsuit—on November 16, 2021.

On March 23, 2022, the court issued its Memorandum Opinion and Order (Doc. 38) that denied Cityscape's Motion for Leave (Doc. 29), denied Underwriter's Motion for Summary Judgment (Doc. 18) with respect to its claim for declaratory judgment regarding its duty to defend, and dismissed without prejudice Underwriter's claim for a declaratory judgment regarding its duty to indemnify because the claim was not justiciable, and the court thus lacked subject matter jurisdiction over that claim. The court further directed the parties to respond to the court's *sua sponte* motion for summary judgment. The parties responded in compliance with the court's order.

**Memorandum Opinion and Order – Page 2**

## II.     Summary Judgment Legal Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not

competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.   Analysis**

   **A.  The Insurer's Duty to Defend**

Under Texas law, "[t]he petition's allegations and the policy's language determine the insurer's duty to defend." *Farmers Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). Texas courts refer to this as the "complaint-allegation" rule or the "eight-corners" rule. *National Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Under the "eight-corners" rule, "[t]he court compares the four corners of the insurance policy with the four corners of the plaintiff's pleading to determine whether any claim alleged by the pleading is

potentially within the policy coverage." *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998). "Under the eight-corners rule, the insurer's duty to defend is determined by comparing the allegations in the plaintiff's petition to the policy provisions, without regard to the truth or falsity of those allegations and without reference to facts otherwise known or ultimately proven." *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.,* 640 S.W.3d 195, 199 (Tex. 2022) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)). "Extrinsic evidence or facts outside the pleadings are generally not considered." *Monroe*, 640 S.W.3d at 199. Courts, however, may consider extrinsic evidence when, after applying the eight-corners rule, there remains an information gap between the plaintiff's pleading and the policy provisions that is not determinative of whether coverage exist. *Id.* at 202. In those cases, "Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Id.*

Underwriter argues that the court should reconsider its ruling denying its motion for summary judgment regarding its duty to defend because "the Roofing Limitation Exclusion and the Condominium, Townhouse Or Tract Housing Coverage Limitation Endorsement each conclusively bar coverage." Doc. 39 at 2. Specifically, Underwriter contends that under *Monroe Guaranty Insurance Company* (hereafter "*Monroe*") the court may consider extrinsic evidence and that evidence offered by Underwriter conclusively proves that two exclusions under the Policy negate its duty to defend. 640 S.W.3d 195 (Tex. 2022). Cityscape and Keystone counter that Underwriter has a duty to defend and considering extrinsic evidence may not be considered because there is no "gap" in the live pleading. Doc. 44 at 7.

**Memorandum Opinion and Order – Page 5**

For the reasons explained herein, and in the court's memorandum opinion and order (Doc. 38), the court determines that Underwriter is not entitled to a declaratory judgment that it has no duty to defend.

1. Projects Exceeding 25 Units

In its Memorandum Opinion and Order (Doc. 38) dated March 23, 2022, the court determined that Underwriter had a duty to defend because it is unclear if "project" as used in the Policy means the overall completed condominium or, instead, means each project taken individually. The court, therefore, resolved the issue in favor of the duty to defend. *See State Farm Lloyds v. Richards*, 966 F.3d 389, 393 (5th Cir. 2020) ("[T]he Texas Supreme Court has instructed us—when applying Texas law—to resolve all doubts regarding the duty to defend in favor of the duty and construe the pleadings liberally.") (cleaned up). In other words, the court interpreted "project" as used in the Policy to mean each individual project, and thus found that Cityscape's allegations that one project consisted of 25 units and the other consisted of 15 units falls outside of the exclusion provision within the Policy.

Responding to the court's *sua sponte* motion for summary judgment, Plaintiff argues again that it does not have a duty to defend because the Policy contains a paragraph that excludes coverage when a project consists of more than 25 units. Specifically, Underwriter argues that the court is free to consider the Amended and Restated Master Deed ("Master Deed") that the "First Amended Petition expressly incorporates" because the Master Deed "definitively shows Cityscape Plaza consists of 39 units, and the 15 units mentioned on the face of the petition are not a separate project but are included in the original project." Doc. 39 at 9. Cityscape and Keystone counter that extrinsic evidence, such as the Master Deed, cannot be considered because it contradicts the

**Memorandum Opinion and Order – Page 6**

allegations in the petition and there is no "gap" in the pleadings with respect to the number of units. The court agrees.

> **CONDOMINIUM, TOWNHOUSE OR TRACT HOUSING COVERAGE LIMITATION ENDORSEMENT**
>
> . . . .
>
> This insurance does not apply to:
>
> **Condominium and Townhouse**
>
> "Bodily injury", "property damage" or "personal and advertising injury" however caused, arising, directly or indirectly, out of, or related to an insured's sub-contractor's operations, "your work", or "your product", that are incorporated into a condominium or townhouse project. **This exclusion applies only to projects that exceed 25 units**. This exclusion does not apply if "your work" or "your product" is to repair or replace "your work" or "your product" that occurred prior to completion and certification for occupancy.

Underwriter's Summ. J. App. at 0173 (citing Commercial General Liability Policy No. BRT3A001920-00) (emphasis added).

Applying the eight-corner's rule, the court determines that Cityscape's second amended petition alleges facts that possibly implicate coverage under the Policy and does not allege facts that fall within the exclusion terms of coverage. First, Cityscape alleges that Cityscape Plaza is comprised of two projects located at separate sites. Cityscape's Second Am. Pet. ¶ 27. The first project is "comprised of four buildings with 24 three-story condominiums." *Id.* The second project "is comprised of two buildings with 15 three-story condominiums." *Id*. Second, the Policy excludes coverage for condominium or townhouse projects that "exceed 25 units," but it does not define "projects." In other words, "projects" is an ambiguous term as used in the Policy. The court, thus, "must resolve any ambiguities in favor of coverage." *Simmons v. Liberty Mut. Fire Ins. Co.*,

**Memorandum Opinion and Order – Page 7**

420 F. App'x 388, 391 (5th Cir. 2011) (quoting *Don's Bldg. Supply Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008)) (internal quotation omitted).

The court's determination also remains unchanged when taking into consideration the language in the Master Deed. Although the second amended petition references the Master Deed, its relevant language describes the project in different phases and overall would cause the court to engage in the truth or falsity of the allegations in the petition, which it is not permitted to do. Moreover, the language in the Master Deed does not assist the court in resolving the ambiguity of "project" as the term is used in the Policy. Accordingly, Underwriter is not entitled to a declaratory judgment that it has no duty to defend as it has not carried its burden of showing that the plain language of the Policy excludes or limits coverage.

2. Projects Exceeding Three Stories or 36 feet in Height

In its Memorandum Opinion and Order (Doc. 38), the court also determined that, with respect to the height of the projects, "Cityscape's second amended petition alleges facts that possibly implicate coverage under the Policy and does not allege facts that fall within the exclusion terms of coverage." Doc. 38 at 12. In response, Underwriter argues that it does not have a duty to defend because such coverage for projects exceeding three stories or 36 feet in height is excluded under a provision in the Policy. Specifically, Underwriter contends that the court may consider extrinsic evidence showing the height of the buildings because there is a gap in the pleadings regarding the "*actual height* of the building roofs" because the pleadings allege the buildings' height in stories only, not feet. Doc. 39 at 6. Cityscape and Keystone counter that extrinsic evidence may not be considered because there are no gaps in the pleadings. The court agrees that the pleading does not contain a gap that allows consideration of extrinsic evidence.

**Memorandum Opinion and Order – Page 8**

The Policy, in relevant part, provides:

### EXCLUSION - ROOFING LIMITATION

. . . .

This insurance does not apply to:

**Roofing Limitation**

1) "Bodily injury", "property damage" or "personal and advertising Injury" arising out of:

   . . . .

   b) Any job site where you are working, or have worked, on a **roof** of a building or structure, whether work is completed or not, **in excess of three (3) stories or thirty-six (36) feet in height**.

Underwriter's Summ. J. App. at 0182 (citing Commercial General Liability Policy No. BRT3A001920-00) (emphasis added).

The court first applies the eight-corners rule and looks to determine whether the second amended petition states a claim that could trigger the duty to defend. Cityscape's petition alleges that Keystone negligently designed and constructed Cityscape Plaza, resulting in various design and construction defects. Cityscape's Second Am. Pet. ¶ 37. More specifically, Cityscape alleges:

> Cityscape Plaza is a common interest community which was constructed as two separate projects. The first project, located at 1717 Annex Avenue in Dallas, Texas, is comprised of four buildings with 24 three-story condominiums. The second project, located at 1801 Annex Avenue in Dallas, Texas, is comprised of two buildings with 15 three-story condominiums. Cityscape Plaza also contains common elements such as driveways, sidewalks, and a dog park, among other improvements, that are used by tenants of both projects.

*Id.* ¶ 27. Because Cityscape asserts allegations that could trigger the duty to defend (i.e., negligent design and construction by Keystone, which is insured by Underwriters), the court determines that the petition alleges facts that fall within the scope of coverage. Next, the court considers the *Monroe* factors in order to addresses whether it may review extrinsic evidence in order to determine whether coverage exists.

**Memorandum Opinion and Order – Page 9**

Cityscape, in its argument, analyzes the Texas Supreme Court's decision in *Pharr-San Juan-Alamo Independent School District v. Texas Political Subdivisions Property/Casualty Joint Self Insurance Fund*, 642 S.W.3d 466 (Tex. 2022). In *Pharr*, the court discussed whether an insurer had a duty to defend an insured who alleged that she "was severely injured after being thrown from a golf cart." *Pharr-San Juan-Alamo Indep. Sch. Dist.*, 642 S.W.3d at 468 (internal quotation omitted). The court, after determining that a "golf cart necessarily refers to a cart designed for use on a golf course, not travel on public roads," held that the insurer had no duty to defend because the Policy covered vehicles "designed for travel on public roads." *Id.* at 477. Stated another way, the court answered the first inquiry under the eight-corner rule in the negative: the insurer had no duty to defend the defendant against the insured's claim. *Id.* Next, the court outlined the prevailing law that it may not consider extrinsic evidence unless: "(1) the petition alleged 'a claim that could trigger the duty to defend,' (2) a 'gap' in [the insured's] petition leaves the court unable to determine whether coverage exists by applying the eight-corners rule, (3) the facts the extrinsic evidence would relate to solely concern the coverage issue and do not overlap with the liability merits, (4) those facts would not contradict facts alleged in [the insured's] petition, and (5) the extrinsic evidence 'conclusively establishes the coverage fact to be proved.'" *Pharr-San Juan-Alamo Indep. Sch. Dist.*, 642 S.W.3d at 477 (citing *Monroe*, 640 S.W.3d at 202).

Applying the *Monroe* factors, the Texas Supreme Court determined that the factors did not support consideration of extrinsic evidence because, in part, the petition did not create a gap with respect to coverage. Specifically, the court determined that the second *Monroe* factor was not met because the policy covered bodily injury involving vehicles "designed for travel on public roads" and the insured alleged that she was thrown from a "golf cart," which "is designed for travel on a golf course and not on public roads." *Id*. The court reasoned that this difference "left no gap that

**Memorandum Opinion and Order – Page 10**

would prevent [the court] from determining whether the duty exists," and without that question, any extrinsic evidence considered by the court would contradict facts alleged in the insured's petition. *Id.* at 477-78. Because the pleading made clear that the vehicle was a "golf cart," the petition provided all the information needed for the court to determine the duty to defend. *Id.* (citing *Monroe*, 640 S.W.3d at 202).

Like the court's determination in *Pharr*, here, the second *Monroe* factor requiring an information gap is not met; therefore, it does not support the consideration of extrinsic evidence in this case. This is so because the petition alleges that Cityscape Plaza "is comprised of two buildings with 15 three-story condominiums." Cityscape's Second Am. Pet. ¶ 27. By alleging the number of stories of the condominiums, the petition alleges a claim that falls within the coverage and does not create a gap warranting further exploration into extrinsic evidence to determine the height of those buildings. Stated another way, had Cityscape alleged that Cityscape Plaza is comprised of two buildings without reference to the number of stories *or* the height, then the court would answer the first and second *Monroe* factors in the affirmative that would then warrant review of extrinsic evidence to determine whether coverage might be excluded.

The court, however, is not persuaded by Underwriter's argument that because the Policy uses the disjunctive "or" ("three (3) stories or thirty-six (36) feet in height"), either prong can bar coverage, and thus the petition must allege both the number of stories and the actual height. Additionally, Underwriter does not provide the court with any controlling caselaw stating that both must be alleged. Accordingly, relying on the Texas Supreme Court's opinion in *Pharr*, this court determines that the *Monroe* factors do not support the consideration of extrinsic evidence in this case because the allegations regarding the building being three-stories tall does not create a gap

**Memorandum Opinion and Order – Page 11**

that would permit the court to consider extrinsic evidence. As a result, Underwriter is not entitled to a declaratory judgment that it has no duty to defend.

## IV.   Conclusion

For the reasons herein stated, the court determines that no genuine dispute of material fact exists as to whether Underwriter has a duty to defend Keystone under the Policy, and Keystone and Cityscape are entitled to judgment as a matter of law. Accordingly, court **denies** Underwriter's Motion for Reconsideration (Doc. 39); **grants** its *sua sponte* Motion for Summary Judgment (Doc. 38); **dismisses with prejudice** this action against Keystone and Cityscape with respect to Underwriter's duty-to-defend claim; and, per the court's previous Memorandum Opinion and Order (Doc. 38), **dismisses without prejudice** its duty-to-indemnify claim.[*] As required, a final judgment will issue separately pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this 7th day of October, 2022.

Sam A. Lindsay
United States District Judge

---

[*] In its earlier Memorandum Opinion and Order, the court dismissed without prejudice as non-justiciable Underwriter's request for declaratory judgment as to its duty to indemnify. *See* Doc. 38. The duty to defend and the duty to indemnify are distinct and separate duties; a duty to defend is determined on the pleadings, but the duty to indemnify is determined by facts established in the underlying state lawsuit. *Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 430 (5th Cir. 2016). Accordingly, the duty to indemnify typically cannot be adjudicated until there has been a judgment in the underlying suit because facts proved at trial may differ from the allegations in the pleadings. *Id.*

Here, the underlying claims are not yet adjudicated in the state court lawsuit, and Underwriter must "wait to resolve its duty to indemnify until after a trial in the underlying litigation because facts established at trial determine the duty to indemnify." *Id.* (citing *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009)). Because the duty to indemnify could be later be reasserted after resolution of the underlying lawsuit with those established facts, the court dismisses Underwriter's request for declaratory judgment as to the duty to indemnify without prejudice.

**Memorandum Opinion and Order – Page 12**